**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRICK P. SHALAKO HOUSTON,

      Plaintiff,

v.

R ZAVALA, et al.,

      Defendants.

Case No. 2:20-cv-01455-KJD-NJK

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's response to the Court's order to show cause in writing why the Court should not recommend that his *in forma pauperis* status be revoked. Docket No. 20. For the reasons discussed more fully below, the Court **RECOMMENDS** that Plaintiff's *in forma pauperis* status be revoked and that his complaint be dismissed without prejudice unless he pays the full filing fee.

**I.    BACKGROUND**

Plaintiff is a detainee proceeding *pro se* in this action pursuant to 28 U.S.C. § 1915. On August 5, 2020, Plaintiff filed an application to proceed *in forma pauperis* and submitted a complaint. Docket Nos. 1, 1-1; *see also* Docket Nos. 7, 12. On November 9, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 13. On January 13, 2021, the Court received Plaintiff's initial partial payment of his filing fee. Docket No. 18.

On February 1, 2021, United States District Judge Gloria M. Navarro found in a distinct case that Plaintiff is a prisoner who, while incarcerated or detained in any facility, has brought at least three actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Houston v. Downey, et al.*, 2021 U.S. Dist. LEXIS 18546, at *1 & n.1 (D. Nev. Feb. 1, 2021). Accordingly, on February 2, 2021, the Court ordered Plaintiff to show cause in writing why the Court should not recommend that his *in forma pauperis* status be revoked. Docket No. 19. The Court cautioned Plaintiff that, pursuant to 28 U.S.C. § 1915, he could continue to proceed *in forma pauperis* in this case only if he

1   demonstrated that he is in imminent danger of serious physical injury.  *See id.* at 1–2.  On March

2   4, 2021, Plaintiff filed the instant response to the Court's order to show cause.  Docket No. 20.

3   **II.    LEGAL STANDARD**

4          Pursuant to the Prison Litigation Reform Act, "once a prisoner has had three actions

5   dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted,

6   that prisoner is no longer permitted to file an action in forma pauperis unless the prisoner is in

7   imminent danger of serious physical injury."  *Hoffmann v. Pulido*, 928 F.3d 1147, 1148–49 (9th

8   Cir. 2019) (citing 28 U.S.C. § 1915(g)).  To satisfy the provision requiring imminent danger of

9   serious physical injury, the prisoner's complaint must contain allegations of an imminent danger,

10  *see Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007), and those allegations must be

11  related to the causes of action in the complaint.  *See Asemani v. Islamic Republic of Iran*, 2019

12  WL 4935595, at *1 (D. Haw. Oct. 7, 2019) (collecting cases).  The latter requirement means that

13  the prisoner must show that (1) the imminent danger is fairly traceable to the unlawful conduct

14  asserted in the complaint; and (2) a favorable outcome would redress that injury.  *Pettus v.*

15  *Moregenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009).

16  **III.   ANALYSIS**

17         Plaintiff submits that the Court should not revoke his *in forma pauperis* status because

18  Defendants, not the Court, bear the burden of challenging his *in forma pauperis* status.  Docket

19  No. 20 at 1, 3.  Plaintiff appears to further submit that the Court may revoke his *in forma pauperis*

20  status only upon screening his complaint.[1]  *Id.* at 1.  In addition, Plaintiff submits that good cause

21  exists not to revoke his *in forma pauperis* status because he cannot afford to pay the filing fee.  *Id.*

22  at 3.  Plaintiff submits that the Court should permit him to maintain this case under a payment plan

23  or grant him eighteen months to pay the filing fee.  *Id.*

24         The Court finds that Plaintiff has failed to establish that the Court should not recommend

25  that his *in forma pauperis* status be revoked.  Plaintiff fails to demonstrate that his complaint

26  contains allegations of an imminent danger and that those allegations are related to the causes of

27  _____

28  [1] As a litigant proceeding without an attorney, the Court construes Plaintiff's filing
    liberally.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1   action in his complaint.  *See Cervantes*, 493 F.3d at 1055; *see also Asemani*, 2019 WL 4935595,

2   at *1.  Further, while a defendant typically bears the burden of challenging a prisoner's *in forma*

3   *pauperis* status, *see Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005), the Court may

4   nonetheless reconsider its prior order granting Plaintiff's *in forma pauperis* application and revoke

5   his *in forma pauperis* status *sua sponte*.  *See* LSR 1-5 ("The court may, either on the motion of a

6   party or sua sponte, after affording an opportunity to be heard, revoke leave to proceed *in forma*

7   *pauperis* if the party to whom leave was granted . . . has willfully misstated information in the

8   application to proceed *in forma pauperis* or affidavit"); *see also Owens v. Matthews*, 2017 WL

9   603183, at *2 (C.D. Cal. Jan. 6, 2017) (citing *King*, 398 F.3d at 1119) (revoking prisoner's *in*

10  *forma pauperis* status *sua sponte*); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000)

11  (finding courts have authority to reconsider non-final orders *sua sponte*).  Plaintiff has failed to

12  establish that he may continue to proceed *in forma pauperis* in this case and, therefore, must pay

13  the full filing fee.  *See* 28 U.S.C. § 1914; *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)

14  (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)) ("Although we construe pleadings

15  liberally in their favor, pro se litigants are bound by the rules of procedure").

16  **IV.    CONCLUSION**

17          Accordingly, **IT IS RECOMMENDED** that Plaintiff's *in forma pauperis* status be

18  revoked and that his complaint be dismissed without prejudice unless he pays the full filing fee.

19          Dated: March 8, 2021

20                                                          _____

21                                                          Nancy J. Koppe
                                                            United States Magistrate Judge

22                                          **NOTICE**

23          This report and recommendation is submitted to the United States District Judge assigned

24  to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and

25  recommendation must file a written objection supported by points and authorities within fourteen

26  days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file

27  a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951

28  F.2d 1153, 1157 (9th Cir. 1991).